No. 148.—EUGENE R. BIOSSAT, Tutor, *v.* JOHN S. SULLIVAN.

A sale of community property by the husband, after the death of the wife, only conveys title to one undivided half thereof.

An agreement to sell, where the consideration is shown to be Confederate treasury notes, will not be enforced.

APPEAL from the Ninth District Court, parish of Rapides. *Edward C. Leckie* (attorney at law), selected to try recused cases. *Manning*, for plaintiff and appellee. *Ryan & White*, for defendant and appellant.

LUDELING, C. J. This is an action to recover a lot of ground in the town of Alexandria, designated as lot number four, in square number one.

The defendant alleges in his answer that he purchased the lot from Adolphe Rachal, the father of the minors, represented by Biossat, tutor; that he gave seven hundred and fifty dollars for it; that Rachal promised to transfer the property in writing, but that he never did so. He prayed to be adjudged the owner of the lot, or that he have judgment against the heirs of Rachal for the price paid.

The evidence shows that the lot in question was acquired by Rachal during the community existing between himself and his wife, and that, at the period when, it is alleged, he sold the lot to the defendant, Mrs. Rachal had died. The undivided half of the lot, therefore, belonged to her children. The evidence does not satisfy us that Rachal sold the lot to the defendant. John Osborne, the witness of the defendant says: "I drew up the title and went to Mr. Rachal on the St. Nicholas and asked him to sign it, *which he refused to do.*" We attach little importance to the *declarations* of Rachal, who is now dead. Jacob Irving, another witness for defendant, seems to know little about the transaction, except what Sullivan, the defendant, told him. Notwithstanding, he says, Rachal promised to make a title, when he received the money. It is difficult to conceive why he did not make the written title then, if he had sold the lot.

Another witness testifies that Sullivan bought an old warehouse, which was on the lot, and that it was agreed at the time, that the house should be removed from the lot, and that the house was torn down and carried away in accordance with the agreement. If Sullivan bought the lot, why the agreement about taking the house away? If the house and lot belonged to him, he could have removed the house or not without any agreement.

If full effect be given to the testimony of the witnesses for the defendant, and the evidence of the plaintiff be disregarded, it would only prove an agreement to sell, or executory contract, and the consideration was Confederate treasury notes. It is well settled that this court will not aid parties to enforce a contract which had Confederate notes for a consideration.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, and that the appellant pay the costs of the appeal.